UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

STRIKE 3 HOLDINGS, LLC,                                :
                                                       :
                               Plaintiff,              :
                                                       :
           -against-                                   :          25-CV-10612 (VEC)
                                                       :
                                                       :          ORDER
JOHN DOE, subscriber assigned IP address               :
98.14.72.243,                                          :
                                                       :
                               Defendant.              :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiff Strike 3 Holdings, LLC brings this action for copyright infringement against Defendant John Doe, who is identified only by his alleged Internet Protocol ("IP") address, 98.14.72.243. Plaintiff moves for leave to file a third-party subpoena on Defendant's Internet Service Provider ("ISP"), Spectrum, in advance of the conference mandated by Rule 26(f) of the Federal Rules of Civil Procedure (the "Motion"). *See* Mot. for Discovery, Dkt. 6. Through the third-party subpoena, Plaintiff seeks to identify the name and address associated with the IP address that Plaintiff alleges was used to infringe its copyrights. *See* Mem. of Law, Dkt. 7.

This Court and many other judges in this District have already addressed the issues raised in Plaintiff's Motion at length. *See, e.g.*, *Malibu Media, LLC v. John Doe*, No. 15-CV-7333, Dkt. 12 (S.D.N.Y. Oct. 8, 2015); *Malibu Media, LLC v. John Does 1-4*, 12-CV-2955, 2012 WL 3104887 (S.D.N.Y. July 31, 2012); *Digital Sin Inc. v. Does 1–27*, No. 12-cv-3873, 2012 WL 2036035, at \*3 (S.D.N.Y. June 6, 2012). For the reasons stated in those opinions, the Court finds that Plaintiff has established good cause to serve a third-party subpoena on Defendant's ISP and to do so prior to a Rule 26(f) conference. In particular, the Court notes that Plaintiff seeks only

Defendant's true name and address, which constitute a limited set of specific facts that are necessary to the prosecution of Plaintiff's case. *See* Proposed Order, Dkt. 6-1; *see also Malibu Media, LLC v. John Doe*, No. 15-CV-3137, Dkt. 13 (S.D.N.Y. May 28, 2015).

The Court finds, however, that there are substantial concerns related to Defendant's privacy, given the nature of the copyrighted material at issue and the risk of a false identification by Defendant's ISP. *See Malibu Media*, 2012 WL 3104887 at *3 (noting the risks of a "false positive" identification and the resulting undue annoyance or embarrassment to a non-culpable party). The Court grants Plaintiff's Motion subject to the protective order below.

IT IS HEREBY ORDERED that:

1. Defendant may proceed anonymously as "John Doe" in this action unless and until the Court orders otherwise.

2. Plaintiff may not initiate settlement discussions prior to service of the Complaint without leave of this Court. Nevertheless, if Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case.

3. Plaintiff may immediately serve a Rule 45 subpoena on the ISP seeking only the name and address of the Defendant to whom the ISP assigned the IP address set forth in the Complaint in this action. Plaintiff is not permitted to subpoena the Defendant's telephone number or email address. The subpoena must attach a copy of this Order, along with the attached "Notice to Defendant." Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any other ISP that is identified in response to a subpoena as a provider of Internet services to the Defendant.

4. The ISP shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon it to serve Defendant with a copy of the subpoena, a copy of this Order, and a copy of the attached "Notice to Defendant." The ISP may serve Defendant using any reasonable means, such as written notice to a last known address, transmitted either by first-class mail or via overnight service.

5. Defendant shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motion with this Court contesting the subpoena (including a motion to quash or to modify the subpoena). **The ISP may not turn over Defendant's information to Plaintiff prior to the close of this 60-day period.** Additionally, if Defendant or the ISP files a motion to quash the subpoena, the ISP may not turn over any information to Plaintiff until the issue has been resolved and the Court has issued an order instructing the ISP to resume in turning over the requested discovery.

6. If that 60-day period closes without Defendant or the ISP contesting the subpoena, the ISP shall then have 10 days to produce the information responsive to the subpoena to Plaintiff.  If Defendant moves to quash or to modify the subpoena, or to proceed anonymously, he or she shall, at the same time as his or her filing, notify the ISP so the ISP is on notice not to release Defendant's information to Plaintiff until the Court rules on any such motions.

7. The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

8. An ISP that receives a subpoena pursuant to this order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena.  An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

9. Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its Complaint.

Plaintiff's deadline to serve Defendant with the summons and Complaint is **March 23, 2026**.  Plaintiff is further directed to file a status letter with the Court by the same date.

The Clerk of the Court is respectfully directed to CLOSE the open motion at Dkt. 6.

**SO ORDERED.**

**Date:  January 21, 2026**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**